UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JEANIE M. K.[1], | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 1:19-CV-367-MGG |
| | ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Plaintiff seeks judicial review of the Social Security Commissioner's decision, dated March 12, 2019, denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act ("the Act") respectively. This Court may enter a ruling in this matter based on parties' consent pursuant to 28 U.S.C. § 636(c) and 42 U.S.C. § 405(g). For the reasons discussed below, the Court **AFFIRMS** the Commissioner's decision.

**I.    OVERVIEW OF THE CASE**

    **A.    Procedural History**

This matter concerns the Plaintiff's application for SSI benefits filed on November 24, 2014, and her application for DIB benefits filed on January 16, 2015. Both applications allege disability beginning October 1, 2013. On June 21, 2017, an

---

[1] To protect privacy interests, and consistent with the recommendation of the Judicial Conference, the Court refers to the plaintiff by first name, middle initial, and last initial only.

Administrative Law Judge ("ALJ") denied Plaintiff's applications for benefits. The Appeals Council remanded the ALJ's unfavorable decision and the same ALJ conducted a second hearing regarding Plaintiff's applications on November 9, 2018.

In her second decision issued on March 12, 2019, the ALJ denied Plaintiff's applications for a second time.[2] Plaintiff then requested review of the decision by the Appeals Council. The Appeals Council denied Plaintiff's request on June 19, 2019, making the ALJ's March 2019 decision the final decision of the Commissioner. Plaintiff timely sought judicial review of the Commissioner's decision from this Court when she filed her complaint on August 22, 2019. Plaintiff then filed her brief in support of her appeal on February 27, 2020, to which the Commissioner's responded on May 6, 2020. No reply brief was filed.

### B. The ALJ's Findings

Plaintiff, a high school graduate, who was 40 years old on the applicable onset date, worked most recently as a tax preparer for H&R Block and a self-employed grocery store owner but with previous experience as a certified nursing assistant ("CNA"), a fast food manager, a fast food worker, a customer service clerk, and as a cashier. In finding that Plaintiff was not disabled under the Act, 42 U.S.C. § 423(d)(1)(A), the ALJ conducted the five-step inquiry established in 20 C.F.R.

---

[2] In her March 2019, the ALJ started by outlining Plaintiff's previous unsuccessful applications for disability benefits denied in a separate ALJ decision dated September 15, 2014. Finding no reason to reopen the September 2014 decision, the ALJ barred establishment of an alleged onset date before September 16, 2014, despite Plaintiffs' alleged onset date of October 1, 2013.

§§ 404.1520; 416.920.³ *See also* Kastner v. Astrue, 697 F.3d 642, 646 (7th Cir. 2012). As relevant here, the ALJ identified Plaintiff's migraines as a severe impairment at Step Two. The ALJ also acknowledged that Plaintiff suffered from other impairments, including headaches, but found that the record as to these impairments did not "support the imposition of significant limitations of function for 12 months in duration." [*Id.*] At Step Three, the ALJ expressly considered Plaintiff's chronic migraines before concluding that none of Plaintiff's severe impairments or combination of impairments "meets or medically or equals severity of one of the listed impairments in 20 C.F.R. Part 404 . . . ." [*Id.* at 30–31]. With no listing having been met, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform sedentary work, as defined in 20 C.F.R. § 404.1567(a) with the following limitations.

> The claimant is limited to frequent vs. constant bilateral feeling, fingering, handling, and reaching; occasionally climbing ramps and stars, balancing, stooping, kneeling, crouching, and crawling, but never climbing ladders ropes or scaffolds. She also needs to avoid concentrated exposure to extreme heat and cold, wetness, humidity, fumes, odors, dusts, gases, and poor ventilation. Finally, the claimant is precluded from working in close proximity to open and dangerous moving machinery and unprotected heights.

[*Id.* at 31]. Based on this RFC, the ALJ determined at Step Four that Plaintiff could perform her past relevant work as a tax preparer. At Step Five, the ALJ also determined that other jobs exist in the national economy that Plaintiff can perform including

---

³ Regulations governing applications for DIB and SSI are almost identical and are found at 20 C.F.R. Part 404 and 20 C.F.R. Part 416 respectively. Going forward, this Opinion and Order only refers to 20 C.F.R. Part 404 unless explicit distinction between the DIB and SSI regulations is necessary.

3

addresser, document preparer, and table worker. As such, the ALJ found that Plaintiff was not disabled under the Act.

**II.   ANALYSIS**

The issue for review here is narrow. Plaintiff challenges the ALJ's RFC determination as failing to incorporate limitations that fully account for her migraines despite finding at Step Two that they constitute a severe impairment.

A claimant's RFC is the most activity in which she can engage in a work setting despite the physical and mental limitations that arise from her impairments and related symptoms. 20 C.F.R. § 404.1545(a)(1). The RFC is an administrative finding regarding a claimant's ability to perform work-related activities on a regular and continuing basis; it is not a medical opinion. SSR 96-8p, 1996 WL 374184, at *2; *see also Marner v. Berryhill*, No. 1:17-CV-113-WCL, 2018 WL 360332, at *5 (N.D. Ind. Jan. 11, 2018). An ALJ assesses a claimant's RFC based on all the relevant evidence in the record at the time of her decision, including objective medical evidence, medical source opinions and observations, and a claimant's own statements about her limitations. 20 C.F.R. § 404.1545(a). The claimant bears the burden of providing evidence establishing the degree to which her impairments limit her functional capacity. *See* 20 C.F.R. §§ 404.1512(a), 404.1545(a)(3).

Plaintiff contends that the ALJ's RFC determination underestimates the effect of her migraines and headaches on her ability to work. More specifically, Plaintiff states that the ALJ's analysis in support of her RFC determination shows that she does not understand standard medical practice related to migraines because she crafted the RFC

on the mistaken ground that "there are no objective medical tests results to confirm their existence or intensity." [DE 19 at 10]. According to Plaintiff, the ALJ's decision essentially asserts that migraines are non-existent, mild, or not disabling unless they can be confirmed by objective medical testing. [*Id.* at 12]. In other words, Plaintiff alleges that the ALJ's conclusion is "not congruent with medical science and amount[s] to the ALJ violating the prohibition against 'Playing Doctor.'" [DE 19 at 13]. Plaintiff asserts that the ALJ's RFC determination should have included limitations for avoiding migraine headache triggers, such as photophobia, and accounting for the frequency of migraine headache triggers in jobs as "on task" factors.

    This Court has authority to review a disability decision by the Commissioner pursuant to 42 U.S.C. § 405(g). However, this Court's role in reviewing Social Security cases is limited. *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008). The question on judicial review is not whether the claimant is, in fact, disabled, but whether the ALJ used "the correct legal standards and the decision [was] supported by substantial evidence." *Roddy v. Astrue*, 705 F.3d 631, 636 (7th Cir. 2013). Substantial evidence must be "more than a scintilla but may be less than a preponderance." *Skinner v. Astrue*, 478 F.3d 836, 841 (7th. Cir. 2007).

    Yet an ALJ's decision cannot be affirmed if it lacks evidentiary support or an inadequate discussion of the issues. *Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003). At a minimum, an ALJ must articulate her analysis of the record to allow the reviewing court to trace the path of her reasoning and to be assured the ALJ has considered the important evidence in the record. *Scott v. Barnhart*, 297 F.3d 589, 595 (7th Cir. 2002).

While the ALJ need not specifically address every piece of evidence in the record to present the requisite "logical bridge" from the evidence to his conclusions, the ALJ must at least provide a glimpse into the reasoning behind her analysis and the decision to deny benefits. *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 618 (7th Cir. 2010); *see also Minnick v. Colvin*, 775 F.3d 929, 935 (7th Cir. 2015)

Here, despite Plaintiff's arguments to the contrary, the ALJ supported her RFC determination with substantial evidence and demonstrated that she considered the full range of evidence relevant to Plaintiff's migraines and headaches in crafting the RFC. To start, the ALJ expressly considered the frequency of Plaintiff's migraines despite her adherence to prescribed treatment in the Step Three Listing analysis. The ALJ found:

> The evidence does not support a frequency of migraines occurring at least once a month for at least three consecutive months despite adherence to prescribed treatment (see 11.00C); nor migraines occurring at least once a week for at least three consecutive months despite adherence to prescribed treatment; nor generalized migraines occurring at least once every two months for at least four consecutive months despite adherence to prescribed treatment and a marked limitation in one of the following: 1) Physical functioning (see 11.00G4a) or; 2) Understanding, remembering or applying information or; 3) Interacting with others or; 4) Concentrating, persisting or maintaining pace or; 5) Adapting or managing oneself. Nor does the record support migraines occurring at least once every two weeks for at least three consecutive months despite adherence to prescribed treatment and a marked limitation in one of the five aforementioned areas of functioning.

[*Id.* at 30–31].

Then in her RFC analysis, the ALJ explicitly discussed Plaintiff's headaches on several occasions. First, the ALJ noted Plaintiff's allegations of regular headaches, for which she takes prescribed medication. [DE 14 at 35]. Second, the ALJ referenced the

events surrounding Plaintiff's January 2015 emergency room visit and follow-up neurological exams in February 2015 due to a migraine along with the supporting medical records. [DE 14 at 37–38]. Among other things, those records describe Plaintiff's pain when she arrived at the emergency room as an eight on a ten-point scale, which was reduced to a two after treatment with Imitrex. Additionally, the ALJ noted that Plaintiff's February 2015 MRI results were unremarkable and that "the voluminous record" reflected "few complaints for headaches after this" such that "it does not reasonably appear that headaches result in a greater level of severity and frequency than that acknowledged herein by the undersigned within the assigned residual functional capacity." [*Id.* at 38].

Third, the ALJ noted that Plaintiff's "June 2017 complaints of back of the head/neck pain addressed by way of an unremarkable cervical MRI." [DE 14 at 38]. Fourth, the ALJ acknowledged Plaintiff's subjective complaints of headaches, among other symptoms, to her rheumatologist in 2017–2018. [DE 14 at 39]. Fifth, the ALJ referred to Plaintiff's "reasonably controlled headaches" in assessing the overall evidence in the record. [*Id.*].

After a thorough recitation of the record evidence and specific explanations of how the record does not support Plaintiff's subjective allegations, the ALJ acknowledged that the combination of Plaintiff's various symptoms, including those arising from her migraines and non-severe headaches, could affect her ability to work. Specifically, the ALJ stated that "the combination of symptoms related to . . . headaches . . . more likely than not result[s] in a need to avoid concentrated exposure to

7

pulmonary irritants and environmental issues of heat, cold, wetness, and humidity." [*Id.* at 42]. Moreover, the ALJ recognized Plaintiff's "overall conditions and potential issues related to allegations of . . . headaches [by finding] it reasonable to preclude working within close proximity to open and dangerous moving machinery and unprotected heights." [*Id.*]. Accordingly, those limitations were incorporated into Plaintiff's RFC.

As shown above, the ALJ did not reach these conclusions in a vacuum. She clearly considered the full range of objective medical evidence, medical opinion evidence, Plaintiff's daily activities, and Plaintiff's subjective allegations in the record provided by Plaintiff. Notably, that record included Plaintiff's testimony at the November 2018 hearing where the ALJ asked her directly why she believed she was unable to work. In response, Plaintiff listed her arthritis, fibromyalgia, Raynaud's, and neuropathy as causing pain and stiffness in her joints with no mention of anything related to migraines or headaches. [DE 14 at 64].

Nevertheless, Plaintiff remains concerned that the ALJ did not adequately assess the effects of her migraines and headaches on her ability to work. Her arguments are perplexing given the ALJ's thorough discussion of the record as a whole and her rationale for her conclusions—evidentiary decisions this Court cannot disturb despite Plaintiff's desire for the Court to do so. *See Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005). Moreover, Plaintiff's arguments that the ALJ misinterpreted the lack of objective medical evidence related to migraines incorrectly and that limitations for photophobia and "off-task" behavior should have been incorporated into the RFC were rejected by

8

this Court in a very similar case. *See Kernstein v. Berryhill,* No. 1:18-cv-226-WCL, 2019 WL 1950413, at *4–5 (N.D. Ind. May 2, 2019). Thus, Plaintiff's arguments here do not overcome the fact that the ALJ presented a logical bridge between the evidence and her decision thereby satisfying all applicable legal standards and supporting the RFC determination, and all its accompanying limitations, with substantial evidence. *See Minnick,* 775 F.3d at 935; *O'Connor-Spinner,* 627 F.3d at 618; Accordingly, the ALJ's decision is entitled to deference. *See Thomas v. Colvin,* 745 F.3d 802, 806 (7th Cir. 2014) (citing *Simila v. Astrue,* 573 F.3d 503, 513 (7th Cir. 2009)); *Roddy,* 705 F.3d at 636.

### V. CONCLUSION

For the reasons stated above, the ALJ's determination is supported by substantial evidence and does not warrant remand. Accordingly, the Commissioner's decision is **AFFIRMED**. The Clerk is instructed to enter judgment in favor of the Commissioner.

**SO ORDERED** this 8th day of June 2021.

s/Michael G. Gotsch, Sr.<br>
Michael G. Gotsch, Sr.<br>
United States Magistrate Judge